**STATE of Missouri, Appellant,**

v.

**Jimmie HICKS, Respondent.**

**No. WD 43620.**

Missouri Court of Appeals,
Western District.

March 19, 1991.

Patricia S. Joyce, Asst. Pros. Atty., Jefferson City, for appellant.

Kimberly D. Tyler, Asst. Public Defender, Columbia, for respondent.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

FENNER, Judge.

The State of Missouri appeals the trial court's dismissal of an indictment against Jimmie Hicks.

On November 28, 1989, Jimmie Hicks was charged, by a grand jury indictment, with the class C felony of receiving stolen property, in violation of § 570.080, RSMo 1986.[1] The indictment charged Hicks with committing the class C felony between October 23 and October 25, 1989, by receiving, keeping and disposing of certain items from Montgomery Ward, including a tent, a floor jack, a battery charger and candle holders of a value of at least $150.00. There is no dispute here that each item of property was worth less than $150.00, but that their aggregate value exceeded $150.00.

Hicks filed a motion to dismiss the cause of action, stating that the court was without jurisdiction to hear the matter in that the State had consolidated four separate transactions, each of which involved the receipt of property valued at less than $150.00. The trial court granted the motion and this appeal followed.

On appeal, Hicks argues that he could only be charged with four separate misdemeanors since each item was of a value less than $150.00.

Rule 23.01(b) addresses the particulars required in an indictment or information.[2] Rule 23.01(e) provides that "[a]ll indictments or informations which are substantially consistent with the forms of indictments or informations which have been approved by this Court shall be deemed to comply with the requirements of this Rule 23.01(b)".

Missouri Approved Charges—Criminal (MACH–CR) 24.10 is the approved charge for receiving stolen property. In pertinent part, MACH–CR 24.10 provides that a defendant is to be charged as follows: "... the defendant ... with the purpose to deprive the owner of [describe the property] (received) (kept) (disposed of) such property, (of a value of at least one hundred fifty dollars,) (knowing) (believing) (knowing or believing) that it had been stolen."[3] Hicks

---

1. All statutory references are to RSMo 1986.

2. (b) The indictment or information shall:
   1. State the name of the defendant if known, or if his name is not known, the defendant may be designated by any name or description by which he can be identified with reasonable certainty;
   2. State plainly, concisely, and definitely the essential facts constituting the offense charged;
   3. State the time and place of the offense charged as definitely as can be done;
   4. Cite the section of the statutes alleged to have been violated and the section of the statutes which fixes the penalty or punishment therefor; and
   5. State the name and degree, if any, of the offense charged.

3. Receiving stolen property is a felony if the value of the property stolen is at least $150.00 or if the defendant was in the business of buying and selling goods of the type in question. MACH–CR 24.10 Notes on use 3. See also § 570.080.

was charged in conformity with MACH–CR 24.10.

Section 570.080.1 defines multiple ways the offense of receiving stolen property can be committed. One of those ways has reference to the statutory definition of *receiving* contained in § 570.010(11), which defines receiving as "acquiring possession, control or title or lending on the security of the property." However, § 570.080.1 also defines receiving stolen property as "retains or disposes of property of another." Thus, the state has many options in charging and convicting a person of receiving stolen property.

 The Missouri Supreme Court has held that a defendant can be charged with different crimes of receiving stolen property when the defendant *receives* different articles of stolen property, at different times on separate and unconnected occasions, even where all of the property is afterward found in the possession of the defendant at the same time and place. *State v. Gardner,* 741 S.W.2d 1, 5 (Mo. banc 1987), *cert. denied,* 486 U.S. 1025, 108 S.Ct. 2001, 100 L.Ed.2d 232 (1988). However, when a defendant *receives* separately stolen items at the same time, from the same source, and in the same transaction, the receipt of the property is one crime. *Id.*

As previously stated, the state can also charge a person with receiving stolen property by retaining the property or by disposing of the property. § 570.080.1. If the criminal act charged by the state is the retention or disposition of the stolen property as a single act, the aggregate value of the property determines the degree of the crime. Nonetheless, the state has the option of charging and proving separate and unconnected occasions of retention or disposition of stolen property, in which case the value of the property involved in each separate occasion would determine the degree of the crime.

4. It is noted that a bill of particulars was filed by Hicks, but it was not acted on prior to the

In the case at bar, Hicks was charged with receiving, keeping and disposing of the property of another in accordance with MACH–CR 24.10. The indictment herein, on its face, is sufficient to charge Hicks with the class C felony of receiving stolen property. If Hicks is unclear as to the particulars of the offense sufficiently to enable him to prepare his defense, a bill of particulars may be filed.[4]

The judgment of the trial court is reversed and this cause is remanded for further proceedings.

All concur.

court dismissing the charge.